**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 22-cr-231(JMC)** |
| **v.** | : | |
| | : | |
| | : | |
| **MICHAEL THOMAS PRUDEN,** | : | |
| | : | |
| *Defendant.* | : | |

**UNITED STATES'S MOTION TO STRIKE JUROR NO. 0379**

The United States of America, through its undersigned attorneys, respectfully files this motion to strike Juror No. 0379. There is good cause to strike the Juror for misconduct because the juror has demonstrated to this Court her inability to follow the Court's instructions, including her inability to "lay aside her impressions or opinions and render a verdict fairly," as is required. *United States v. Webster*, 102 F.4th 471, 481 (D.C. Cir. 2024).

Under Fed. R. Crim. P. 23, this Court may excuse a juror for good cause, including misconduct. *See, e.g., United States v. Vartanian*, 476 F.3d 1095, 1098 (9th Cir. 2007). "Jury misconduct" consists of "action by jurors that is contrary to their responsibilities." 6 Wayne R. LaFave et al., Criminal Procedure § 24.9(f) (4th ed. 2004).

The voir dire process is critical to demonstrating whether a juror has shown actual prejudice, or partiality. *Webster*, 102 F.4th at 482 (D.C. Cir. 2024). The process is designed so that this Court can look to see if a juror's answers during voir dire reveal any partiality or hostility against a party that cannot be laid aside. *Id.* (*citing Hayes v. Ayers*, 632 F.3d 500, 508 (9th Cir. 2011)). In this case, the voir dire process elicited information clearly demonstrating Juror No. 0379's inability to set aside her hostility against both gay people and people who may break the law.

1

Specifically, the Juror noted during voir dire on September 20, 2024, that she did not wish to serve on the jury because of a family conflict.  Then, on September 23, 2024, she explained that she "forgot" to share some key information in direct response to the Court's question about, "strong opinions," while also stating that she did not share the information because "she didn't know if it counts as a strong opinion." 9/24/24 Trial Tr. at 10-11.[1]  The Court then reminded the juror of her need to be forthcoming and honest, *Id*. at 12, to which the juror replied:

> "When I thought about this case, I thought about the defendant. I felt like he did the right thing. I feel like when people are being naughty in public, somebody should say, can you please leave the park… I just thought as long as he didn't hurt anyone, I think that I would think that he did something that I would appreciate. I would think that it's not okay for people to do that in public because there are kids there….I feel that I don't know if I will be fully impartial, just given my background…"

*Id*. at 12-13.

When reminded by the Court that she was under oath and asked point blank by the Court if she could be, "fair and impartial," the juror responded, "I don't know." *Id*. at 15.  Even when pressed, she committed to this response. She reiterated her inability to be fair and impartial following questions by defense counsel. When asked, point blank – two more times - if she could decide the case based on the evidence she said, "I don't know." *Id* at 17.

When the Court pushed her on this point, and asked the Juror if she could follow her instructions and the law, the Juror responded, "I hope so," "I don't know" and "I don't really know what I'm supposed to do," even though the Court had just told her precisely what she was supposed to do: follow the instructions and the law.  *Id.*  And, importantly, the Juror understood the consequences of these statements, noting that, "I just thought it's kind of important enough to bring it up, because it may affect the outcome of your case." *Id*. at 20.  In other words, she specifically

---

[1] The September 24, 2024 Transcript is enclosed as an Attachment to this motion.

(again) acknowledged that she could not follow the Court's instructions to be fair and impartial and render a decision based on the evidence (as opposed to her bias).

Moreover, evaluation of credibility is a key juror responsibility.  When Juror No. 0379 was asked if she could evaluate the credibility of testimony of a person who is gay, she stated that her judgement of their behavior would not be changed by anything she heard in the Courtroom. *Id*. at 16. This is in clear contravention of the Court's instruction that she evaluate the conduct solely on the evidence.   She even went so far as to prejudge the defendant's conduct, noting that she had decided that the perpetrator in this case, "did the right thing," and that it would be fair to attack an individual if they were engaged in illegal conduct in a park. *Id*. at 18-19.

It is evident that it would be inappropriate for Juror No. 0379 to continue serving on the jury, especially given the ready availability of alternates.  Her stated inability to follow the Court's obstructions and render an unbiased verdict based on the evidence is jury misconduct.  There is ample cause to dismiss her from service. For the foregoing reasons, the United States asks the Court to grant its motion to strike.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:     */s/ Timothy Visser*
             TIMOTHY VISSER (1028375)
             Assistant United States Attorney
             U.S. Attorney's Office for the District of Columbia
             601 D Street, N.W.
             Washington, D.C. 20530
             (202) 252-2590
             timothy.visser@usdoj.gov

ANDREW CHERRY
CA Bar No. 315969
Trial Attorney, Civil Rights Division
U.S. Department of Justice
(202) 445-4779
andrew.cherry@udsoj.gov